967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don A. HERMAN, Plaintiff-Appellant,
v.
James ROPER, Judge; Kevin Kelly, Deputy Prosecuting
Attorney, Defendants.
 No. 91-35675.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV-91-0393-CRD, Carolyn R. Dimmick, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before: FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don A. Herman appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d). We review for an abuse of discretion, Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (May 4, 1992), and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or fact." Id.; accord Hernandez, 60 U.S.L.W. at 4348.
 
 
 4
 Judges are absolutely immune from section 1983 liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (quotation omitted); accord Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir.1986). An act is judicial when it is a "function normally performed by a judge [, and the parties] dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. Judges are subject to section 1983 liability for damages only when they act in the clear absence of all jurisdiction. Id. at 356-57.
 
 
 5
 The prosecutor, in initiating and presenting the state's case, is immune from civil suits for money damages under section 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (9th Cir.1976). Absolute immunity attaches to prosecutorial conduct initimately associated with the judicial phase of the criminal process. Id. at 430 (quotations omitted). If the prosecutor acts within the scope of his or her authority, and in a quasi-judicial capacity, absolute immunity attaches. Schlegel v. Bebout, 841 F.2d 937, 942 (9th Cir.1988). Investigative functions carried out in the preparation of a prosecutor's case similarly enjoy absolute immunity. Id. at 943.
 
 
 6
 In his complaint, Herman sued a superior court judge and the deputy prosecuting attorney for refusing to consider his petition challenging the imposition of costs and fees against him pursuant to a Washington recoupment statute in connection with his state criminal conviction. The district court properly determined that the judge and the prosecutor were absolutely immune from liability for damages. See Imbler, 424 U.S. at 427 (prosecutorial immunity); Ashelman, 793 F.2d at 1075-76 (judicial immunity).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3